# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3752

_____

In re: Jeffrey Lewis White; Jennifer   *
Gay White, doing business as          *
The Prairie Land Co., LLC,          *
                                  *
          Debtors,          *
-----------------------------------   *
                                  *
Jeffrey Lewis White,         *
                                  *
         Appellee,        *
                                  *   Appeal from the United States
     v.                  *   Bankruptcy Appellate Panel
                                  *   for the Eighth Circuit.
Commercial Bank and Trust Company,  *
                                  *   [UNPUBLISHED]
         Appellant,       *
-----------------------------------   *
                                  *
Jennifer Gay White,         *
                                  *
         Appellee,        *
                                  *
     v.                  *
                                  *
Commercial Bank and Trust Company,  *
                                  *
         Appellant.       *

_____

Submitted: May 25, 2012
Filed: May 31, 2012

_____

Before MURPHY, ARNOLD, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Commercial Bank and Trust Company challenges the decision of the Bankruptcy Appellate Panel (BAP) reversing the bankruptcy court's order denying motions filed by Jeffrey and Jennifer White (Debtors) to avoid--pursuant to 11 U.S.C. § 522(f)(1)(A)--a judicial lien on property that Debtors claimed as exempt.

Following careful review, see In re Porter, 539 F.3d 889, 893 (8th Cir. 2008) (reviewing bankruptcy court's factual findings for clear error and its legal conclusions de novo; reviewing bankruptcy court's entry of summary judgment de novo), we agree with the BAP that Debtors could avoid the lien, see 11 U.S.C. § 522(f)(1)(A) (debtor may avoid fixing of judicial lien on interest of debtor in property to extent such lien impairs exemption to which debtor would have been entitled); see also In re Stoneking, 225 B.R. 690, 695 (B.A.P. 9th Cir. 1998) (if debtor could have avoided lien on community property before acquiring sole ownership, debtor should not lose right to avoid same lien after acquiring sole ownership, otherwise, judgment creditor whose debtor happens to obtain divorce after lien is affixed to community property is fortuitously excluded from scope of § 522(f)(1), while creditor whose debtor remains married is subject to having its lien avoided under that section, and there is no basis in § 522(f)(1) for such distinction); cf. Farrey v. Sanderfoot, 500 U.S. 291, 301 (1991) (holding that § 522(f)(1) "requires a debtor to have possessed an interest to which a lien attached, before it attached, to avoid the fixing of the lien on that interest"). Accordingly, we affirm the decision of the BAP. See 8th Cir. R. 47B.

_____